## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN,<br><br>               Plaintiffs,<br><br>    v.<br><br>GOULD EXCAVATING & TRUCKING, INC.<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 10-C-6741<br>)<br>) Judge Chang<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' MOTION FOR JUDGMENT IN SUM CERTAIN

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court find Gould Excavating & Trucking, Inc. ("Defendant" or "Company") in default and enter an amount of damages against Gould Excavating & Trucking, Inc, in the total amount of $27,004.57. In support of this motion, plaintiffs state:

1.     On October 19, 2010, plaintiffs filed a lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds for the period April 1, 2008 through the present and a surety bond.

2.     On October 29, 2010, plaintiffs served Registered Agent Gerald F. Gould by handing a copy of summons and complaint to Kelly Gould at the office of Gerald F. Gould, which is located at 2000 E. Cass Street Joliet, IL 60432. On January 26, 2011, this Court entered default judgment against the Company.

3.      Defendant produced books and records to the Funds' auditors at the firm of Levinson Simon Hein & Bilkey, P.C., for the period covering April 1, 2008 through June 30, 2008.  As set forth in the affidavit of Rocco Marcello, principal contributions are owed to the Welfare, Pension, Training, LDCLMCC , WGC and LECET Funds and for Union dues in the amount of $16,880.41. (*See* Exhibits A, A-6.)

4.      The Company also submitted its books and records to the Funds' auditors at the firm of Bansley and Kiener, LLP for the period of July 1, 2010 through March 31, 2011; a copy of the audit is attached as Exhibit A-7.  The report shows that the principal contributions owed to the Welfare, Pension, Training, LDCLMCC, WGC, and LECET Funds for Union dues in the amount of $16,880.41.  (*See* Exhibits A, A-7.)

5.      The Agreement and the Funds' respective Agreements and Declarations of Trust to which the Company is bound require that the Company submit benefit contribution payments by the tenth day of the following month.  Payments which are not received within thirty days of this date ("Grace Period") are assessed liquidated damages in the amount of 20 percent of the principal amount of delinquent contributions, and interest at a rate of 12 percent as charged by JP Morgan Chase Bank from the date of delinquency forward.  The Funds may determine that the Company failed to pay its contribution payments within the grace period either through the Company's reports or an audit of the Company's books and records.  (*See* Exhibit A.)  Therefore, for the audit period of April 1, 2008 – June 30, 2010, liquidated damages are owed in the amount of $310.68.  For the audit period of July 1, 2008 – March 31, 2011, liquidated damages are owed in the amount of $3,283.62.  The plaintiffs have incurred $562.70 in audit costs. (*See* Exhibit A.)

6.      The Company also submitted its July 2010 reports after the grace period

ended but never paid the corresponding liquidated damages. As such, the Company owes $758.41 in accumulated liquidated damages on the late July 2010 reports. (*See* Exhibit A.)

7.      Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions.  The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay "including damages, interest, audit costs, filing fees and any other expenses incurred."   Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $2,687.50 in attorney's fees (*See*, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit B).  Costs are owed in the amount of $535.00, consisting of filing fees and service fees.  (*See* Exhibit B).

8.      The Agreement binds the Company to the Joint Agreement of the Construction and General Laborers' District Council of Chicago and Vicinity, which requires in Article IX, Paragraph 1 that "[a]ll Employers shall procure, carry and maintain a surety bond in form and amount satisfactory to the Union." Gould Excavating & Trucking does not have a current surety bond on file at the Funds' office.  Plaintiffs request that this Court order the defendant to obtain and maintain a surety bond in the amount of $5,000.00 to guarantee payment of wages and benefit contributions, and to, within 30 days of service of the order that such a bond be obtained, provide written proof of such to Plaintiffs' attorney Angie M. Cowan, 230 West Monroe Street, Suite 2600, Chicago, Illinois 60626.

Wherefore, plaintiffs drafted a proposed judgment order for default and a total judgment against Gould Excavating & Trucking, Inc. in the amount of $27,004.57, and requiring the Company to obtain a surety bond.

Respectfully submitted,

/s/ Angie Cowan Hamada
One of plaintiffs' attorneys

Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                         May 26, 2011